**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
*******************************************
ANDREW M. HUBBARD,                  *
1101 Golf Course Drive              *
Mitchellville, MD  20721            *
                                    *
      Plaintiff                     *
                                    *
      v.                            *         C.A.
                                    *
BILL NELSON, Administrator,         *
NATIONAL AERONAUTICS AND            *
SPACE ADMINISTRATION                *
300 E Street, SW                    *
Washington, D.C.  20546             *
                                    *
      Defendant.                    *
*******************************************
```

**COMPLAINT - CIVIL RIGHTS**

**(JURY TRIAL DEMANDED)**

**I.  JURISDICTION AND VENUE**

    1.    This is an action for declaratory relief, injunctive relief, back pay, compensatory damages and other appropriate relief, legal and equitable, brought by Plaintiff Andrew M. Hubbard, to redress violations by the Defendant of Plaintiff's civil rights.  The jurisdiction of this Court is invoked to secure the protection of and to redress the deprivation of rights secured to Plaintiff by the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, (Supp. II. 1991) (hereinafter, "Title VII"), which provides for injunctive, equitable and other relief against discrimination in employment on the basis of race, religion, sex, national origin and color, and which also provides a cause of action for retaliation and reprisal.  This action is also brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 633a, as amended, which prohibits agencies in the Federal government from

1

discriminating against employees who are more than forty years of age. This action also states a claim under the Equal Pay Act of 1963 29 U.S.C. § 206d as amended.

The jurisdiction of this Court is also invoked under 28 U.S.C. § 1343, this being a suit authorized and instituted pursuant to the Civil Rights Act of 1964.

2. This proceeding is instituted in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391, as the judicial district in which the cause of action arose and in which the Defendant, an agency of the United States Government, is located and doing business.

3. This is a civil action and the amount in controversy exceeds $10,000 (Ten Thousand Dollars), exclusive of interest and costs.

## II. PARTIES

4. Plaintiff Andrew M. Hubbard is a Black male citizen of the United States who is an employee of the National Aeronautics and Space Administration, an agency of the United States government.

5. Defendant is Bill Nelson, in his official capacity as Administrator of the United States National Aeronautics and Space Administration.

## III. STATEMENT OF FACTS

6. Plaintiff Andrew M. Hubbard is an African American male who was born on July 4th, 1965.

7. Plaintiff began his employment with Defendant National Aeronautics and Space Administration ("NASA") in 1991 at NASA Glenn Research Center (GRC) in Cleveland, Ohio where he was a GS-1102-12 Contracting Officer and GS-343-13 Program Analyst within NASA GRC Procurement Division and Chief Financial Officer respectively.

8. Plaintiff was a Budget Analyst from November 2005 to March 2011. He was promoted to GS-15 Supervisory Program Specialist/Resources Manager Officer from March 2011 through October 28, 2018.

9. Plaintiff Hubbard is currently Budget Analyst, which is a non-supervisory position.

10. Plaintiff Hubbard continues to occupy that position up to this time.

11. As a GS-15 Supervisory Program Specialist/Resources Manager Officer, Mr. Hubbard's primary duties consist of supervising a group of employees performing work at the GS-14 level. He provided administrative and technical supervision necessary for accomplishing the work of the unit. Performed administrative and human resource management functions relative to the staff supervised. Established guidelines and performance expectations for staff members, which are clearly communicated through the formal employee management system. Observed workers' performance; demonstrated and conducted work performance critiques. Formulated and developed strategies for presenting agency budgets to high-level oversight organizations, such as OMB and/or Congress. Prepared narrative and statistical evidence and justification in support of budget requests. Provided direct authoritative assistance to members and senior staff during the various stages of legislative consideration including hearings, markup sessions, floor debates, conferences, and addresses other major policy issues. Analyzed, planned, and coordinated all phases of budgeting needed to formulate the budgets for multi-year substantive programs having impact on budgets and programs of such entities as other Federal Agencies, State, local governments, major private industrial firms, and/or foreign countries.

12. On or about the 28th of October 2018, while still occupying the position of GS-15-560 Supervisory Program Specialist/RMO, Mr. Hubbard was demoted to a non-supervisory GS-15-560 Budget Analyst.

13. On or about the 28th of October 2018, Mr. Kincaid (NASA HQ Associate Administrator (AA) for STEM Engagement) and Ms. Kris Brown, Deputy AA of NASA STEM Engagement executed an US Office of Personnel Management Standard Form 50, effectively demoting Mr. Hubbard from his GS-15-560 Supervisory Program Specialist/RMO, to a non-supervisory GS-15-560 Budget Analyst.

14. Mr. Hubbard race is African-American/Black.

15. Mr. Hubbard's color is Black/Brown.

16. Mr. Hubbard's sex/gender is Male.

17. Mr. Hubbard's age is over 40 (YOB 1965).

18. From March 2011 through October 28, 2018, while serving as the GS-301-15 Supervisory Program Specialist/RMO in NASA HQ Office of STEM, including time spent while on his detail assignment, Mr. Hubbard received nothing lower than either one of the two highest performance evaluations of "Distinguish" or "Accomplish."

19. Within the first 30 days of Mr. Kincaid's tenure, on or about April 13, 2017, in a joint meeting with Dr. Roosevelt Y. Johnson, former Deputy AA of STEM Engagement and Mr. Hubbard (Plaintiff), Mr. Hubbard was instructed to immediately find a detail opportunity in another organization.

20. Mr. Kincaid did not provide a reason(s) for his directive but informed Mr. Hubbard that he would not be returning to the office as the GS-15-301 Supervisory Program Specialist/RMO, only that Mr. Hubbard was being demoted/reassigned to another position.

21. On or about April 13, 2017, Mr. Kincaid instructed me to find a detail assignment immediately within another organization at NASA Headquarters.

22. Mr. Kincaid neither stated the reason why Plaintiff should find another organization, nor did he show cause for this decision.

23. As instructed, Plaintiff secured the first detail assignment within NASA HQ Office of Information Technology Communication Division (ITCD), which commenced on May 31, 2017 and ended on or about May 20, 2018.

24. Prior to the conclusion of this detail, Mr. Kincaid informed Plaintiff that (1) he would not transfer Plaintiff's FTE from NASA Headquarters Office of STEM Engagement to ITCD based on a complement group personnel policy; (2) that Plaintiff would not return to the office as the Supervisory Program Specialist\RMO GS-301-15; and (3) he would demote Plaintiff to a non-supervisory Budget Analyst GS-560-15.

25. On or about June 1, 2018, Plaintiff accepted a second detail assignment within NASA Headquarters Office of Small Business because Mr. Kincaid advised Plaintiff that the said complement group personnel policy would accommodate the transfer of Plaintiff's FTE permanently to this organization.

26. The afore-described assignment was initially a three-month assignment that subsequently extended to five months and concluded on October 31, 2018.

27. While Mr. Hubbard was away on a detail assignment within NASA HQ Office of Information Technology Communication Division (ITCD), a younger female, Ms. Tanye Coleman was reassigned permanently to Mr. Hubbard's position, Supervisory Program Specialist/RMO GS-301-15.

28. Mr. Hubbard followed Mr. Kincaid's instructions, yet he (Mr. Kincaid) denied Mr. Hubbard's FTE transfer request to ITCD.

27. Mr. Hubbard secured a six (6) month detail assignment to NASA HQ ITCD which commenced on May 31, 2017. This detail was extended an additional six months until May 31, 2018.

28. While on detail Mr. Kincaid replaced Mr. Hubbard with Ms. Holly Degn, a younger, Caucasian female as the acting GS-15-301 Supervisory Program Specialist/RMO in NASA HQ Office of STEM Engagement.

29. Mr. Kincaid refused to transfer of Plaintiff's FTE, citing a NASA HQ "Complement Group Personnel Policy" as the basis of the refusal.

30. On or about October 28, 2018, Mr. Kincaid and Ms. Brown executed a SF-50 demoting/reassigning Complainant from his position as the GS-15-301 Supervisory Program Specialist/RMO in the office to a non-supervisory GS-15-560 Budget Analyst.

31. Mr. Kincaid's directive and stated actions were directly related to Complainant's race (Afro-American/Black), color (black/brown), sex (male), and/or age (Year of Birth: 1965) as these were the only attributes he had observed about Plaintiff.

32. On or about March 28, 2018, Mr. Robert Carver, Acting Executive Director of HQ Operations announced during an "All-Hands Meeting" that Ms. Tanye Coleman, a younger Black female, who was Mr. Carver's current Deputy Supervisor Budget Management of HQ Operations, was effectively that day the permanent Supervisory GS-15-301 Program Specialist/RMO in NASA HQ Office of STEM Engagement.

33. It was not until on or about October 28, 2018, that Mr. Kincaid and Ms. Brown executed the SF-50 demoting Mr. Hubbard from the Supervisory GS-15-301 Program Specialist/RMO in NASA HQ Office of STEM Engagement to a non-supervisory GS-15-560 Budget Analyst.

34. The Memorandum of Understanding (MOU) explicitly states: The total duration of this detail assignment will be a 5-month appointment, starting May 21, 2018, and end on/about October 31, 2018. The intent of this detail is to permanently transfer Mr. Hubbard from the roles of the OE to the OSBP.

35. After the time period cited above, it was agreed and understood, Mr. Hubbard's official billet will be transferred from the OE to the OSBP.

36. The MOU dated August 7, 2018 confirms that Mr. Hubbard was to be given a permanent reassignment.

37. Plaintiff had maintained a Performance Rating of "Distinguished" and/or "Accomplished" during the rating periods (2015, 2016, and 2017) prior to his demotion.

38. In 2015, Plaintiff received a performance rating of "Distinguished".

39. In 2016, Plaintiff received a Performance rating of "Accomplished".

40. In 2017, Plaintiff received a Performance rating of "Accomplished".

## STATEMENT OF CLAIM

### A. First Cause of Action: Discrimination—Hostile Environment

Plaintiff alleges and re-alleges paragraphs 6-40 above, as if restated fully and separately herein.

. The effect of the Defendant's acts and practices as enumerated herein has been to intentionally deprive Plaintiff Andrew M. Hubbard of rights secured to him by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., because Defendant, solely because of Plaintiff's gender, has caused Plaintiff Hubbard to be subjected to a continuing pattern of harassment and an abusive and hostile environment, with the result that Plaintiff suffered has been denied equal employment opportunities and Plaintiff has been caused to suffer mental anguish and emotional distress.

### B. Second Cause of Action: Discrimination—Disparate Treatment

. Plaintiff alleges and re-alleges paragraphs 6-40 above, as if restated fully and separately herein.

.        The effect of the Defendant's acts and practices as enumerated herein has been to intentionally deprive Plaintiff Andrew M. Hubbard of rights secured to him by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., because Defendant, solely because of Plaintiff's gender and protected activity, has deprived Plaintiff Hubbard of equal opportunities in the terms and conditions of Plaintiff's employment, and has intentionally deprived Plaintiff of the same opportunity to receive grade sustaining assignments, promotional opportunities, to receive accurate and lawful performance appraisals, and to receive bonuses and performance awards, as Defendant has provided to females.  By said acts, Defendant has violated Title VII of the Civil Rights Act of 1964, as amended.

**C.        Third Cause of Action:  Age Discrimination**

.        Plaintiff Andrew M. Hubbard alleges and re-alleges paragraphs 6-40 as if set forth fully and completely herein.

.        Plaintiff, Andrew M. Hubbard alleges that, because of Plaintiff's age, Defendant has engaged in discriminatory conduct in violation of rights secured to Plaintiff by the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 633A, et seq.  by harassing Plaintiff, and by removing Plaintiff from his permanent Supervisory position.

**D.        Third Cause of Action:  Discrimination—Retaliation and Reprisal**

.        Plaintiff alleges and re-alleges paragraphs 6-40 above, as if restated fully and separately herein.

.        Plaintiff alleges that, solely because of Plaintiff 's gender and protected activity, Defendant has engaged in retaliatory conduct in violation of Plaintiff Hubbard's rights secured to him by Title VII of the Civil Rights Act of 1964, as amended.

.	Defendant has continuously denied Plaintiff a permanent assignment to his supervisory position, while at the same time promoting females who were no more qualified for promotion than Plaintiff.

.	By said acts of retaliation, Defendant has violated Plaintiff's rights as secured to him by Title VII of the Civil Rights Act of 1964, as amended.

.	As a result of the acts and practices complained of herein, Plaintiff Andrew M. Hubbard has suffered and is still suffering loss of income, wages, employment opportunities, promotion, benefits, personal and professional esteem, and Plaintiff has suffered and is still suffering mental anguish and emotional distress.

.	Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs complained of herein, and Plaintiff is now suffering and will continue to suffer irreparable injury as a result of Defendant's acts and conduct as described herein.  Unless Defendant is restrained by Order of this Court, Plaintiff will continue to suffer said irreparable injury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays this Honorable Court to advance this case on the docket, order a jury trial, cause a hearing in this case to be in every way expedited, and upon such hearing to:

1. Issue a declaratory judgment that Defendant's acts and practices complained of herein violated Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended.

2. Order Defendant to make Plaintiff whole for the discrimination and retaliation Plaintiff has suffered as a result of the acts and practices as described herein, and provide appropriate back pay, wages, and benefits in an amount to be shown at trial.

3. Grant Plaintiff reinstatement/promotion to his former position as a GS-15 Supervisory Program Specialist/Resources Manager Officer retroactive to November 1st, 2018, the supervisory position and grade level to which Plaintiff would have been entitled had there been no discrimination and retaliation, and grant Plaintiff the back-pay, wages, and benefits he has been denied as a result of the discrimination he has suffered.

4. Grant Plaintiff an award of $ 300,000.00 in compensatory damages for each of Plaintiff's Claims herein to compensate him for the humiliation, emotional distress and loss of personal and professional esteem suffered by Plaintiff as a result of Defendant's intentional acts.

5. Grant Plaintiff his attorney's fees, costs and disbursements necessary to maintain this action.

6. Retain jurisdiction over this action to assure full compliance with the Orders of this Court and with applicable law, and require the Defendant to file such reports as the Court deems necessary to evaluate such compliance.

7. Grant such other and further relief as the Court deems necessary and proper.

Respectfully submitted,

 /s/ *Donald S. Johnson*,
Donald S. Johnson, Sr.
Bar No. 372774
1101 Golf Course Drive.
Mitchellville, MD 20721
301-808-6770
Mylawyerjohnson@yahoo.com
Attorney for Complainant Andrew Hubbard